IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

E.W.  \*

v.  \*  Civil No. – JFM-15-3982

ROSEMARY DOLGOS, ET AL.  \*

## MEMORANDUM

This case arises from the arrest and placing in handcuffs of E.W., a minor, by Bonnie Dolgos, a Deputy with the Wicomico County Sheriff's Department and a School Resource Officer Deputy. Dolgos has filed a motion to dismiss or for summary judgment. Her motion will be treated as one for summary judgment and, as such, will be granted.[1]

I.

On January 7, 2015, plaintiff assaulted A.W., also a minor, on School Bus No. 56, which was taking students home from East Salisbury Elementary School. On January 9, 2015, Dolgos reported to the East Salisbury Elementary School at the request of Vice Principal Karen Faye Parsons. Parson told Dolgos that a Transportation Associate from Transportation Services had brought the incident to her attention. The incident had been videotaped. Parsons played the DVD recording of the incident for Dolgos. In her report Dolgos described her observations as follows:

> . . . while the bus [is] in motion, a student identified as [E.W.]
> [stood] up, took off her bag, jacket and what appeared to be a
> lanyard. [E.W.] sat back down and immediately stood back up and
> beg[an] kicking another student identified as [A.W.] numerous

---

[1] Plaintiff also initially named the Wicomico County Sheriff's Department as a defendant. Plaintiff has dropped its claim against the Department.

1

times on her legs. [E.W.] then began hitting [A.W.] with both hands numerous times as [A.W.] crouched down in the seat. [E.W.] sat back down in her seat and a few seconds later she again got up and began kicking [A.W.] in her legs several times. [A.W.] did not attempt to retaliate in any way. Dfc. Dolgos observed no prompting from [A.W.] in any form.

A.W. was interviewed by Parsons and Dolgos. She told them that "[E.W.] said I stepped on her shoe but I did not. [E.W.] got up and started kicking me. Then the bus driver called us up there and I got kicked off." Dolgos asked her if she had been injured, and A.W. pulled up her left pants leg just above her knee. Dolgos observed two small, bluish bruises just above the left knee and another on the left side of [A.W.'s] leg.

Parsons then brought E.W. from class to the office. She told Dolgos that "[A.W.] stepped on my shoe so I kicked her and started to hit her then the bus driver stopped and said to come up here, both of you all. I came up but she did not so I went to him and he said right [sic] your name on the paper so I did but she didn't right [sic] her name. Then the bus driver said both of you are kicked off the bus for three days." Dolgos asked E.W. how many times she had kicked A.W. and, after initially saying that she did not know, said "More than 5." When asked how many times she had hit A.W., E.W. said, "I hit her three times."

E.W. said that she had not told her mother what happened, including her expulsion from the bus. She did not offer any reason as to why she had not told her mother. Parsons and Dolgos emphasized the seriousness of the situation to E.W. She was told that adults could be jailed for such behavior. E.W. continued to act as if it was "no big deal" and that A.W. should not have stepped on her toe.

Dolgos decided to take E.W. into custody. She placed her in handcuffs in advance of removing her from the school premises. E.W. was then reseated. Dolgos' handcuffing of E.W. was per departmental procedure, which states that juveniles taken into custody for criminal-type

offenses are subject to "the same security requirements as adults. . . ." Dolgos was concerned not only by the level of violence on the DVD recording but also by E.W.'s insistence that she had done nothing wrong. Dolgos was concerned that E.W. might physically act out against her or someone else as she removed E.W. from the school to the patrol car. E.W. was approximately four feet four inches tall and weighed approximately ninty-five pounds. Dolgos is five feet, four inches tall and weighs one hundred and fifty-five pounds.

Soon after being handcuffed, E.W. began crying, saying that she did not want to go to jail and that she would not do it again. In response Dolgos removed the handcuffs. E.W. had been handcuffed for approximately two minutes. She did not complain about the handcuffs hurting her, and she did not display any bruising related to the handcuffing.

Dolgos decided that instead of taking E.W. in custody she would release her to her parents. Parsons spoke with E.W.'s mother by phone. Dolgos explained that she would be referring the matter directly to the Department of Juvenile Services. In response E.W.'s mother said, "What the fuck? For a kid fight? I will be right there."

E.W.'s mother arrived at the school and met with Dolgos, Parsons, and the Principal of the school, Glendon Jones. E.W.'s mother stated that she did not understand why school administration and law enforcement were involved because at the beginning of the year, E.W. was "attacked" at the bus stop and "nobody was involved." Parsons recounted what had occurred on the school bus and that the other student had been injured. Dolgos explained the procedures that would take place concerning the referral to the Department of Juvenile Services. E.W.'s mother said, "So you are going to put my 10 year old daughter in the system when she's 10?" E.W.'s mother did not make any reference to any marks on her daughter's wrists. E.W. left the school premises with her mother.

II.

E.W. asserts claims for the use of excessive force in violation of federal and state law. However, on the facts as stated no excessive force was employed. E.W. was handcuffed only for approximately two minutes and the handcuffs were released when she showed remorse for the incident. Further, she was permitted to leave the school with her mother. As to E.W.'s federal claim, Dolgos at least is entitled to qualified immunity. As to her state claims, the record establishes that she cannot prove that Dolgos acted with malice or gross negligence.

A separate order effecting the ruling made in this memorandum is being entered herewith.

Date: 7/27/16

J. Frederick Motz
United States District Judge